IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - -   X

VENTUREFORTH HOLDINGS LLC,                          :
1334 North Capitol Street, N.W. #1,
Washington, DC  20002                               :

                                             Civil Action No.

VENTUREFORTH LLC,                                   :
1334 North Capitol Street, N.W. #1,
Washington, DC  20002                               :

NICHOLAS K. VITA,                                   :
1334 North Capitol Street, N.W. #1,
Washington, DC  20002                               :

MICHAEL J. ABBOTT,                                  :
1334 North Capitol Street, N.W. #1,
Washington, DC  20002                               :

APELLES VENTUREFORTH SPE, LLC,                      :
501 Madison Avenue, 13th Floor, New
York, NY  10022                                     :

and                                                 :

SEAN GABRIEL,                                       :
P.O. Box 1193, Great Falls, VA  22066,
                                                    :
                    Petitioners,

           -against-                              :

JEREMY M. JOSEPH                                    :
8335 W Sunset Blvd. Ste. 228
Los Angeles, CA 90069-1500,                         :

                Respondent.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - -   X

## PETITION TO CONFIRM ARBITRATION AWARD

       Petitioners VentureForth Holdings LLC ("VentureForth"), VentureForth LLC,

Nicholas Vita, Michael Abbott, Apelles VentureForth SPE, LLC ("Apelles") and Sean

Gabriel ("Petitioners") allege:

1.      Petitioners move, pursuant to 9 U.S.C. §§ 9 & 207, for an order confirming an arbitration award (the "Award") issued under the Commercial Arbitration Rules of the American Arbitration Association ("AAA" and "AAA Rules") on April 16, 2014, in an arbitration commenced against Petitioners by Respondent Jeremy M. Joseph.  The Award, *inter alia*, awarded $131,500 to Petitioner VentureForth on certain of its claims against Respondent and $161,250 to Respondent on certain of his claims against VentureForth, and granted an order of dissociation against Respondent pursuant to D.C. Code §29-806.02(5).  All other claims were denied.  A true and correct copy of the award is annexed to the attached Declaration of Matthew S. Hackell as <u>Exhibit 1</u>.

## Jurisdiction And Venue

2.      The Court has jurisdiction over this Petition pursuant to 9 U.S.C. § 203, which provides federal-question jurisdiction in matters involving an arbitration agreement or arbitral award falling under the Convention for the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").  The Award falls under the Convention because it arises out of a commercial relationship that is not entirely between citizens of the United States, in that Petitioner Michael Abbott, a party to the arbitration out of which the Award arises, is a citizen of the United Kingdom and Switzerland.

3.      Venue is proper in this judicial district pursuant to 9 U.S.C. §§ 9 and 204 because the District of Columbia was designated as the place of arbitration in the underlying arbitration agreement between the parties and because the Award was made in the District of Columbia.  Venue is also proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claims occurred in the District of Columbia.

## The Parties

4.      Petitioner VentureForth Holdings LLC is a limited liability company organized and existing under the laws of the District of Columbia, with its principal place of business in Washington, DC.  VentureForth LLC has four Members: Gabriel (a resident of Virginia), David Guard and Scott Morgan (residents of the District of Columbia), and Apelles, whose citizenship is described below.

5.      Petitioner VentureForth LLC is a limited liability company organized and existing under the laws of the District of Columbia, with its principal place of business in Washington, DC.  VentureForth Holdings LLC is the sole Member of VentureForth LLC

6.      Petitioner Nicholas Vita is an individual and citizen of the State of New York, with his primary residence in New York, New York.

7.      Petitioner Michael Abbott is an individual and citizen of the United Kingdom and Switzerland, with his primary residence in New York, New York.

8.      Petitioner Sean Gabriel is an individual and citizen of Virginia, who resides in Great Falls, Virginia.

9.      Petitioner Apelles VentureForth SPE, LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in New York, New York.  Apelles has 13 Members, including Vita and Abbott. Of Apelles's members, five reside in California, four (including Vita and Abbott) reside in New York, two reside in Vermont, one resides in Connecticut, and one resides in Nebraska.

10.     Respondent Jeremy M. Joseph is an individual and, on information and belief, is a citizen of California, who resides in Los Angeles, California.

## Factual Background

11.     In 2010, Respondent Jeremy Joseph formed a business that eventually became VentureForth.

12.     In 2012, VentureForth and its Members (at the time, Joseph, Gabriel, Apelles, David Guard and Scott Morgan) executed an Operating Agreement, which included an arbitration clause that provided in pertinent part:

> 12.8   Dispute Resolution.  All disputes between the parties to this Agreement arising out of, or in connection with, this Agreement or breach thereof . . . shall be submitted to, and resolved by, final and binding arbitration.  The arbitration hearing will be held at a mutually acceptable location in the District of Columbia. . . . The arbitration shall be submitted to binding arbitration before a single arbitrator and in accordance with the then-existing Commercial Arbitration Rules of the American Arbitration Association.

A true and correct copy of the arbitration clause contained in the operating agreement is annexed the attached Declaration of Matthew S. Hackell as Exhibit 2.

13.     Various disputes arose between and among the parties regarding the operation of VentureForth before and after the execution of the Operating Agreement.

## Procedural Background

14.     In light of such disputes, on or about February 8, 2013, Respondent filed a Demand for Arbitration (the "Demand") with the AAA.  In the Demand, Respondent sought payment of "salary" and "bonus" payments that he was allegedly owed either (i) pursuant to an alleged oral employment contract; or (ii) in *quantum meruit*.  Respondent also alleged that Petitioners had improperly removed him from the Board of Managers of VentureForth, and that Petitioners had breached their fiduciary duty by doing so and by allegedly "seizing control of the company" from him.

15.     On February 27, 2013, Petitioners filed an Answer to the Demand, and Petitioners VentureForth, VentureForth LLC, Apelles and Gabriel asserted counterclaims against Respondent (the "Counterclaims").  In particular, Petitioners alleged:

a.     Breach of fiduciary duty, breach of contract, and conversion as to VentureForth, in that Respondent diverted company funds for his own personal use by (i) writing checks to himself from company funds; and (ii) using company funds for personal expenditures;

b.     Breach of fiduciary duty as to VentureForth in using and possessing illegal narcotics on company premises;

c.     Breach of fiduciary duty, breach of agreement, and fraud as to Petitioner Sean Gabriel, in depriving Gabriel of his bargained-for ownership interest in VentureForth by misrepresenting the nature and content of his agreement to Apelles;

d.     Fraud as to Petitioner Apelles, by misrepresenting the nature and content of Gabriel's interest, thereby causing Apelles to overpay for its interest in VentureForth; and

e.     Dissociation, pursuant to D.C. Code § 29-806.02(5), of Respondent as a member of VentureForth;

16.     In the Counterclaims, VentureForth sought, <u>inter alia</u>, repayment of the funds diverted by Respondent for his personal use and compensatory damages for the harm to the company caused by his misconduct; and dissociation of Respondent pursuant to D.C. Code § 29-806.02(5).  Petitioners Gabriel and Apelles sought reformation of their respective ownership interests in VentureForth to reflect the bargain actually struck by Gabriel and not disclosed to Apelles.

17.     On March 15, 2013, Respondent filed an answer to the Counterclaims.  Respondent did not object to the authority of an arbitrator appointed pursuant to the arbitration clause to decide any of the matters presented in the Counterclaims.

18.     On May 14, 2013, the AAA appointed a sole arbitrator (the "Arbitrator").

19.    The Arbitrator conducted hearings in this matter on January 13 through 17, 2014, in Washington, DC, and heard testimony from four witnesses and admitted more than 200 exhibits.

20.    On February 21, 2014, the parties submitted post-hearing memoranda to the Arbitrator.  On March 7, 2014, the parties submitted reply memoranda.

21.    On April 3, 2014, the parties made their closing arguments to the Arbitrator in Washington, DC, following which the hearing was declared closed.

### The Award

22.    On April 16, 2014, the Arbitrator rendered the Award, and on April 18, 2014, the Award was transmitted by the AAA to all parties.

23.    In the Award, the Arbitrator denied all of Respondent's claims against all of the Petitioners, with the exception of two claims against VentureForth.  The Arbitrator determined that Respondent was entitled to a salary on a *quantum meruit* basis for the period September 13, 2012, through December 8, 2012, and was equitably entitled to receive a portion of the "bonus" he would have been paid had he remained at VentureForth until the company was licensed to begin dispensing medicinal cannabis.  The Arbitrator awarded Respondent $161,250 on these claims.

24.    In the Award, the Arbitrator also made the following findings of fact:

a.    There was no express agreement, oral or written, to pay Respondent a salary or bonus;

b.    Petitioners "did not conspire or otherwise secretly plan to remove [Respondent] as an officer or manager" of VentureForth, and "did not consider or discuss [removing Respondent] before the October-November 2012 time frame";

c.    Respondent "breached his fiduciary duty by charging personal expenses to the company";

      d.      Respondent "breached his agreement with the Company members and his fiduciary duty, in writing checks to himself from Company funds";

      e.      The board of VentureForth "temporarily removed Mr. Joseph as manager during the pending investigation" of his thefts, and did not breach the company's operating agreement in doing so;

      f.      Respondent "engaged in . . . conduct relating to the company's activities which makes it not reasonably practicable to carry on the activities with the person as a member";

25.      The Arbitrator found in favor of VentureForth on its Counterclaims against Respondent for misappropriating $124,100 in company funds by writing unauthorized checks, and $11,000 in company funds by charging personal expenses to VentureForth.  The Arbitrator also granted VentureForth's counterclaim for an order dissociating Respondent as a member of VentureForth pursuant to D.C. Code §29-806.02(5).  The Arbitrator denied the claims of Petitioners Apelles and Gabriel alleging that Respondent had fraudulently inflated his share in VentureForth at their expense.

26.      The Arbitrator determined that attorneys' fees, the administrative fees and expenses of the AAA and the compensation of the arbitrator would be borne as incurred by the parties.

27.      This Petition is filed within one year after the receipt of the Award by Petitioners.  The Award has not been vacated or modified upon any ground specified in the Federal Arbitration Act.

## Prayer For Relief

WHEREFORE, Petitioner respectfully requests that this Court:

(A)   Enter an order confirming the Award;

(B)   Award Petitioners their reasonable attorneys' fees associated with this Petition, to the extent that Respondent opposes this Petition or moves to vacate the Award; and

(C)   Grant such other and further relief as to the Court may seem just and proper.

Dated: Washington, D.C.
       June 6, 2014

ARENT FOX LLP

                 /s *Randall A. Brater*
                 Randall A. Brater (Bar # 475419)
Of Counsel:                      randall.brater@arentfox.com
                 1717 K Street, NW
PADUANO & WEINTRAUB LLP          Washington, DC  20036
Anthony Paduano                  (202) 857-6000
Meredith R. Cavallaro            (202) 857-6395
Matthew S. Hackell
1251 Avenue of the Americas      *Attorneys for Petitioners*
New York, New York 10020
(212) 785-9100

*Attorneys for Petitioners*