IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                            :
VENTUREFORTH HOLDINGS LLC,
VENTUREFORTH LLC,                                           :
NICHOLAS K. VITA,
MICHAEL J. ABBOTT,                                          :
APELLES VENTUREFORTH SPE, LLC,   :   No. 1:14-cv-00957-TFH
and SEAN GABRIEL
                                                            :
                    Petitioners,
                                                            :
     v.
                                                            :
JEREMY M. JOSEPH,
                                                            :
                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PETITIONERS' MEMORANDUM IN OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS PETITION**

Consistent with his past representations to Petitioners' counsel, Respondent Jeremy Joseph does not oppose confirmation of the Award that is the subject of this summary proceeding. Nonetheless, in his untimely-filed and procedurally inapt "motion to dismiss," Joseph inexplicably asks this Court to dismiss the Petition on the grounds that the Petition was not served "by a U.S. Marshal." Joseph does not deny that he received actual notice of this action, and does not dispute – by affidavit or other evidence – that service of the Petition fully complied with the Federal Rules of Civil Procedure. Moreover, Joseph has appeared, and requiring further service of process would serve no purpose. Joseph's suggestion that service should be quashed because Petitioners did not comply with procedures that Congress and the Courts abandoned decades ago is meritless, and his motion should be denied.

**PROCEDURAL HISTORY**

Petitioners filed the Petition to Confirm Arbitration Award in this matter (the "Petition") with this Court on June 6, 2014. On June 11, 2014, Petitioners filed a Notice of Filing Petition. On June 12, 2014, Petitioners telephoned Aaron Panner of the law firm Kellogg, Huber, Hansen, Todd, Evans & Figel P.L.L.C. ("Kellogg Huber"), Joseph's counsel of record on that date, and asked Mr. Panner to accept service of the Petition on behalf of his client. *See* Ex. 1, Declaration of Meredith R. Cavallaro ("Cavallaro Decl."), ¶ 5. Mr. Panner consented, and Petitioners sent copies of the Petition and its supporting documents to him that afternoon. Cavallaro Decl. ¶¶ 5-6 & Ex. A. After receiving the Petition, however, Mr. Panner sent an email purporting to retract his consent, stating without explanation that "I am not authorize[d] to accept service." *Id*. ¶ 7 & Ex. B.

On November 11, 2013, Joseph commenced a second AAA arbitration against Petitioners (the "November Arbitration"). In his arbitration demand in that matter, Joseph gave his address as 7205 Loch Edin Court, Potomac, MD 20854 (the "Potomac Address"), just as he had previously in the Arbitration. *See id.* ¶ 9 & Exs. C & D.

On June 16, 2014, a preliminary conference was held telephonically in the November Arbitration. Joseph, appearing *pro se*, advised that Kellogg Huber was no longer representing him. Cavallaro Decl. ¶¶ 10-11. During the conference, Petitioners' counsel asked Joseph to acknowledge service of the Petition. Joseph admitted that he had received the Petition from Kellogg Huber, and that he did not object to confirmation of the Award, but declined to explicitly acknowledge service. *Id.* ¶ 10 In response, the AAA's representative offered its services to ensure that the Petition reached Mr. Joseph. *Id.* ¶¶ 11-12.

In view of Joseph's refusal to acknowledge service, Petitioners commenced efforts to serve the Petition on him. Petitioners retained private process servers to serve Joseph both at the Potomac Address and at residence and business addresses in California associated with him.  Cavallaro Decl. ¶ 13.  These efforts were not immediately successful.  The California addresses turned out to be either not current or, in one case, wholly fictional.  Id. ¶ 14.  On June 23, 2014, Petitioners' counsel sent a copy of the Petition and its supporting papers to Joseph by email, Cavallaro Decl. ¶ 15 & Ex. E, and also provided a copy to the AAA, which was forwarded to Joseph.  Id. ¶ 16 & Ex. F.

Petitioners ultimately served the Petition on Jeremy Joseph on July 1, 2014, by leaving it with Ms. Eileen Joseph, a person of suitable age and discretion, at the Potomac Address used by him in connection with both the Arbitration and the November Arbitration.  Cavallaro Decl. ¶ 17 & Ex. G (Affidavit of Service of Eugene Kassman).  Ms. Joseph stated that she was the Respondent's mother, and that she resided with him at the Potomac Address.  Cavallaro Decl. ¶ 18 & Ex. G.  Mr. Kassman's Affidavit of Service was executed July 3, 2014, and filed electronically on July 7, 2014.  Cavallaro Decl., Ex. G

Respondent filed the instant motion to dismiss on August 1, 2014, thirty-one (31) days after service was completed.

## **ARGUMENT**

Respondent requests that the Petition be dismissed solely on the basis that service should have been "effectuated by a U.S. Marshal," rather than in accordance with Federal Rule of Civil Procedure 4.  Mem. In Supp. of Mot. to Dismiss ("Mot.") at 2.  Respondent is incorrect.  Service by a U.S. Marshal has long been abandoned in the

federal courts in favor of service by "[a]ny person who is at least 18 years old and not a party," Fed. R. Civ. P. 4(c), and service under the Federal Arbitration Act ("FAA") is no exception. Service at the Potomac Address satisfied the requirements of Rule 4.

Significantly, it is undisputed that Joseph received actual notice of the Petition. Not only does Joseph not deny that he received the Petition from his mother, *see Ali v. Mid-Atl. Settlement Servs.*, 233 F.R.D. 32, 37 (D.D.C. 2006) (Roberts, J.). (service effective where defendant's affidavit did not deny "that his mother accepted the papers from the process server, or that he received them via his mother, or that he received actual notice of the litigation"), Joseph received – and acknowledged receiving – multiple copies of the petition during the three weeks prior to formal service. See Cavallaro Decl. ¶¶ 6-7, 10, 15-16 (Joseph received copies from Kellogg Huber, by email from Petitioners and from the AAA). "In the absence of any claim that he never received actual notice, the rules of service are to be liberally construed." *Ali*, 233 F.R.D. at 37.

A. **Service of Process by a U.S. Marshal Is Not Required.**

Service of a petition to confirm an arbitral award on a nonresident may be effected in the same manner as any other service of process – that is, pursuant to Rule 4 of the Federal Rules of Civil Procedure. Respondent's suggestion that service "must be effectuated by a U.S. Marshal," Mot. at 2, is flatly contradicted by numerous federal cases, which Respondent notably omits to cite.

Section 9 of the FAA, which governs service of a petition to confirm an arbitral award, states:

> If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district

> within which the adverse party may be found *in like manner as other process of the court*.

9 U.S.C. § 9 (emphasis added).  Section 9's reference to marshal service reflects only that it was enacted in its present form in 1947, long before the 1982 amendments to the Federal Rules of Civil Procedure that did away with marshal service, and is obsolete. *Technologists, Inc. v. Mir's Ltd.*, 725 F. Supp. 2d 120, 126 (D.D.C. 2010) (Kollar-Kotelly, J.) ("[Section] 12's requirement that nonresidents be served by the marshal [identical to section 9] is an artifact of the era in which United States marshals were the default servers of process in federal courts, an era that ended in the 1980s. . . ."); *Hancor, Inc. v. R&R Eng'g Prods., Inc.*, 381 F. Supp. 2d 12, 15 (D.P.R. 2005) ("Section 9 is an anachronism . . . because it cannot account for the subsequent abandonment of the United States marshals as routine process servers.").

Accordingly, the federal courts have consistently held that service of a petition to confirm is valid under Section 9 so long as it satisfies Rule 4(e).  *Hancor*, 381 F. Supp. 2d at 15 (service of process that satisfied state law, and thus Rule 4(e)(1), held effective); *United Cmty. Bank v. Angarita*, No. 1:09cv307, 2010 U.S. Dist. LEXIS 80936 at *6 (W.D.N.C. July 13, 2010) (entering default judgment where service made in accordance with Rule 4(e)); *1-800-BoardUp, Inc. v. Quality Renovations, LLC*, No. 4:12-MC-331 (CEJ), 2012 U.S. Dist. LEXIS 91851 at *2 (E.D. Mo. July 2, 2012) ("Section [9] cannot be taken as the proper standard for service of process. Recourse must be had to the Federal Rules of Civil Procedure.").  *See also Technologists*, 725 F. Supp. 2d at 127 (service of petition to vacate award on nonresident foreign party "must be made pursuant to Rule 4.").

5

Respondent fails to cite a single case in support of their argument that "service by a process server is not proper" under the FAA, and suggests no reason why the FAA should be read as requiring the use of an obsolete procedure that Congress and the courts consciously abandoned over thirty (30) years ago. Every federal court to have considered Respondent's argument has rejected it, and this Court should do the same.

B.     **Service at the Potomac Address Comports With Rule 4.**

Service on Joseph at the Potomac Address satisfies Rule 4, and therefore is effective service of process pursuant to Section 9. Under Fed. R. Civ. P. 4(e)(2), service upon an individual can be made by "leaving a copy . . . at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). On July 1, 2014, process server Eugene Kassman left a copy with Eileen Joseph, Respondent's mother and an individual of suitable age and discretion who resides at the Potomac Address. Cavallaro Decl. Ex. G. This is sufficient service under Rule 4.

Respondent does not contend that he was not served in accordance with Rule 4. Although he implies some doubt on this point, by referring to the Potomac Address as "the home of the Respondent's parents," Mot. at 2, he does not press the point, and the record sufficiently establishes that the Potomac Address is his residence for purposes of Rule 4(e). As the Affidavit of Service sets forth, Ms. Eileen Joseph confirmed at the time of service that Respondent resides at the Potomac Address. Cavallaro Decl., Ex. G. Respondent has provided no controverting affidavit or other evidence, and so fails to rebut the presumption of valid service. *Mobern Elec. Corp. v. Walsh*, 197 F.R.D. 196, 198 (D.D.C. 2000) (Lamberth, J.) (affidavit of process server creates presumption of

valid service); *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 85-86 (D.D.C. 2009) (Collyer, J.) ("A signed return of service . . . constitutes *prima facie* evidence of valid service, which can be overcome only by strong and convincing evidence."), *aff'd*, 646 F.3d 1 (D.C. Cir. 2011).  Indeed, Respondent does not even *deny* that he resides at the Potomac Address. *See Gillespie v. Capitol Reprographics*, *LLC*, 573 F. Supp. 2d 80, 87 (D.D.C. 2008) (Huvelle, J.) ("Defendants do not deny having received these documents. Therefore, there can be no claim of lack of service.").

### C.     Respondent's Motion is Untimely.

Respondent's motion should also be rejected because it is untimely.  Section 6 of the FAA provides that an application "shall be made and heard in the manner provided by law for the making and hearing of motions."  9 U.S.C. § 6; *TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 940 (D.C. Cir. 2007) ("Motions to enforce arbitral awards should proceed under motions practice, not notice pleading.").  Respondent was thus required to oppose the motion within fourteen (14) days of service of the Petition, or by July 15, 2014.  Local Rule 7 ("Within 14 days of the date of service . . . an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion").  This motion was thus filed more than two weeks late, without excuse or justification, and the Court may therefore treat the Petition as unopposed. *Id.* ("If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").

The motion would be untimely even if the deadlines applicable to pleadings applied, which it does not.  Under Rule 12, an answer must be filed twenty-one (21)

days after service of the complaint, see Fed. R. Civ. P. 12(a)(1): here, July 22, 2014. Respondent's motion was not filed until August 1, ten days later.

### D. Judgment Should be Entered Confirming the Award.

Apart from his challenge to service, which should be rejected for the reasons set forth above, Respondent has not otherwise objected to confirmation of the Award. Accordingly, the Court should grant the unopposed Petition to Confirm and enter judgment confirming the Award.

As noted above, the Petition is governed by the rules applicable to motions practice, not pleadings. *TermoRio*, 487 F.3d at 940. Thus, all grounds on which Respondent may oppose confirmation must be included in his submission. Because Respondent elected not to contest the Petition on its merits, the Court should enter judgment on the Award without further proceedings. *See IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 309 (3d Cir. 2006) (upholding confirmation of award where respondent moved for dismissal on jurisdictional grounds but did not argue the merits of their position).

Respondent is also statutorily barred from opposing confirmation on the merits. Section 12 of the FAA, 9 U.S.C. § 12, requires that a motion to vacate an arbitral award be brought within three months of the date of the award – a period that expired on July 17. A party that does not seek vacatur within that time is precluded from seeking that relief as a defense to a motion to confirm. *Int'l Techs. Integration, Inc. v. Palestine Liberation Org.*, 66 F. Supp. 2d 3, 14 (D.D.C. 1999) (Kollar-Kotelly, J.); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984) ("[A] party may not raise a motion to

vacate . . . an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm.").

## **CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that Respondent's motion to dismiss be denied, and that the Court enter judgment confirming the Award.

Dated:  August 8, 2014                                   Respectfully submitted,

                                                                   ARENT FOX LLP

                                                                   By:   /s *Randall A. Brater*
                                                                          Randall A. Brater
                                                                          (DC Bar #475419)
                                                                          randall.brater@arentfox.com
                                                                          1717 K Street, NW
                                                                          Washington, DC  20036
                                                                          (202) 857-6000 - telephone
                                                                          (202) 857-6395 - fax

                                             *Attorneys for Petitioners*

OF COUNSEL:

PADUANO & WEINTRAUB LLP
Anthony Paduano
Meredith R. Cavallaro (pro hac pending)
Matthew S. Hackell
1251 Avenue of the Americas
New York, New York 10020
(212) 785-9100