**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VENTUREFORTH HOLDINGS LLC, <u>et al.</u>,** | |
| **Petitioners,** | |
| **v.** | **Civil Action No.  14-00957 (TFH)** |
| **JEREMY M. JOSEPH,** | |
| **Respondent.** | |

**<u>MEMORANDUM OPINION</u>**

This proceeding was initiated by VentureForth Holdings LLC, VentureForth LLC, Nicolas Vita, Michael Abbott, Apelles VentureForth SPE, LLC, and Sean Gabriel (collectively the "petitioners") upon the filing of a petition to confirm an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9-14.  Pet. to Confirm Arbitration Award ¶ 1 [ECF No. 1].  Notice of the petition reportedly was served on the respondent, Jeremy Joseph, by a private process server who supplied a copy of the petition to the respondent's mother at her residence in Maryland.  The respondent challenges the petition solely on the ground that service of process was not proper.  The respondent contends that, because he is not a resident of the District of Columbia, the FAA mandates that "service must be effectuated by a U.S. Marshal."  Mem. of P. & A. in Support of Mot. to Dismiss Pet. to Confirm Arbitration Award or, in the Alternative, Quash Serv. of Process 2 [ECF No. 7-1].  The respondent therefore filed the pending Motion to Dismiss Petition to Confirm Arbitration Award or, in the Alternative, to Quash Service of Process [ECF No. 7].  The petitioners oppose the respondent's motion on the ground

that service by U.S. Marshals "has long been abandoned in the federal courts" and service was

proper because it was consistent with Rule 4(e) of the Federal Rules of Civil Procedure.  Pet'rs'

Opp'n Br. 3-4 [ECF No. 9].

Service of a petition to confirm an arbitration award is governed by § 9 of the FAA,

which states in relevant part that "[i]f the adverse party shall be a nonresident, then the notice of

the application shall be served by the marshal of any district within which the adverse party may

be found in like manner as other process of the court."  9 U.S.C.A. § 9 (West 2014).  Although

the interpretation of this provision appears to be a question of first impression for this Court, in

*Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp.2d 120 (D.D.C. 2010), Judge Colleen Kollar-

Kotelly addressed whether an identical requirement contained in § 12[1] of the FAA mandated that

service to a nonresident be effectuated by a marshal.  725 F. Supp.2d at 125.  Judge Kollar-

Kotelly first noted that persuasive authorities "recognize that because the FAA calls for service

on nonresidents 'in like manner as other process of the court,' the provisions in the Federal Rules

of Civil Procedure governing service of process should be applied."  *Id.* at 126-27 (quoting 9

U.S.C.A. § 12).  She then followed "the weight of authority" to conclude that Rule 4 of the

Federal Rules of Civil Procedure was the appropriate rule of procedure to apply to the service

requirement in § 12 of the FAA.  *Id.* at 127.  In reaching this conclusion, Judge Kollar-Kotelly

noted that the "requirement that nonresidents be served by the marshal is an artifact of the era in

which United States marshals were the default servers of process in federal courts, an era that

ended in the early 1980s when the Federal Rules of Civil Procedure[] were amended so as to

---

[1]     Like § 9, the nonresident service provision in § 12 states that "[i]f the adverse party shall
be a nonresident then the notice of the application shall be served by the marshal of any district
within which the adverse party may be found in like manner as other process of the court."  9
U.S.C.A. § 12 (West 2014).

allow for service by any nonparty over the age of 18." *Id.* Accordingly, Judge Kollar-Kotelly deemed the requirement for service by a marshal to be "outdated." *Id.*

This Court finds Judge Kollar-Kotelly's analysis to be well reasoned and analogous to the question of whether § 9 of the FAA mandates that a nonresident be served by the marshal. For the same reasons set forth by Judge Kollar-Kotelly in *Technologists*, *Inc.*, this Court holds that service of a nonresident complies with § 9 of the FAA if service is provided in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See also Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971) ("The phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed. R. Civ. P. 4 on the accomplishment of appropriate service . . . ."); *Hancor, Inc. v. R & R Eng'g Products, Inc.*, 381 F. Supp.2d 12, 15-16 (D.P.R. 2005) (determining that Rule 4 of the Federal Rules of Civil Procedure provides the standard for service of process required by 9 U.S.C. § 9); *In re Lauritzen Kosan Tankers (Chem. Trading, Inc.)*, 903 F. Supp. 635, 637 (S.D.N.Y. 1995) ("The phrase 'in like manner as other process of the court' included in the FAA refers to Rule 4 of the Federal Rules of Civil Procedure.").

Rule 4 provides that "an individual . . . may be served in a judicial district of the United States by . . . leaving a copy of [the petition] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Fed. R. Civ. P. 4(e)(2)(B). The petitioners report that "[o]n July 1, 2014, process server Eugene Kassman left a copy with Eileen Joseph, Respondent's mother and an individual of suitable age and discretion who resides at the Potomac Address." Pet'rs' Mem. in Opp'n to Resp't's Mot. to Dismiss Pet. 6 [ECF No. 9]. The "Potomac Address" refers to an address that the respondent cited as his address for both

the instant arbitration as well as a second arbitration he commenced in 2013.  *Id.* Ex. 1, Cavallaro

Decl. ¶¶ 8, 9, 17, Exs. C, D, G [ECF No. 9-1].  The process server declared under oath that the

respondent's mother, Eileen Joseph, stated that she resides at the Potomac Address with the

respondent.  *Id.* Ex. 1, Cavallaro Decl., Ex. G (stating "I served Jeremy M. Joseph . . . by serving

Eileen Joseph, mother of Jeremy M. Joseph . . . who stated that [she] resides therein with Jeremy

M. Joseph").  Given that the respondent failed to rebut any of these facts, the Court is left to

conclude that the respondent's "dwelling" or "usual place of abode" is the Potomac Address

where he lives with his mother.  Accordingly, service achieved by leaving a copy of the

documents with the respondent's mother at the Potomac Address satisfied the requirements of

Rule 4 and § 9 of the FAA.

## CONCLUSION

For the foregoing reasons, the Court will deny the Motion to Dismiss Petition to Confirm

Arbitration Award or, in the Alternative, to Quash Service of Process [ECF No. 7].  In addition,

because no other impediment to confirmation of the arbitration award has been presented to the

Court, the Court will grant the Petition to Confirm Arbitration Award [ECF No. 1].  An

appropriate order will accompany this opinion.


February 20, 2015

_____
Thomas F. Hogan
Senior United States District Judge